# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2952 | **DATE** | 4/29/2004 |
| **CASE TITLE** | Marc Norfleet vs. Mary Gray | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. This Court grants the application (3-1) to the extent that Norfleet will be required to pay the full filing fee -- but in future installments, rather than in advance. Under Section 1915(b)(1) the initial partial filing fee required to be made is 20% of $234.78, or $46.95. The Clerk is directed to issue summons and forthwith transmit them to the United States Marshal for service. This action is set for an initial status hearing at 8:45 a.m. July 1, 2004 for which purpose Gray's counsel shall have made arrangements for Norfleet to be available by telephone.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 03 2004 | |
| | Notified counsel by telephone. | | date docketed | 5 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | GMA | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT | docketing deputy initials | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARC NORFLEET #20020085357,   )
                              )
            Plaintiff,        )
                              )
      v.                      )   No.  04 C 2952
                              )
MARY GRAY,                    )
                              )
            Defendant.        )

DOCKETED
MAY 0 3 2004

MEMORANDUM ORDER

Marc Norfleet ("Norfleet") has submitted a 42 U.S.C. §1983 ("Section 1983") Complaint against Mary Gray ("Gray"), asserting a violation of his constitutional rights while he was (as he still is) in custody at the Cook County Department of Corrections ("County Jail"). In addition to using the form provided by this District Court's Clerk's Office for the filing of such Section 1983 Complaints by prisoners, Norfleet has complied with 28 U.S.C. §1915[1] by completing the prescribed form of In Forma Pauperis Application ("Application"), accompanied by a printout from the County Jail reflecting the transactions in his trust fund account there during the six-month period ended April 14, 2004 (see Section 1915(a)(2)).

This Court has made the calculation called for by Section 1915(b)(1) and finds that the average monthly balance in Norfleet's account during the six-month period exceeds the

---

[1] All further references to Title 28's provisions will also simply take the form "Section--."

average monthly deposits into the account. That greater average figure is $234.78.

It is true that the closing balance reflected in the printout is $170.03, so that the entire $150 filing fee might arguably be paid up front. But that would leave just $20.03 in the account, and the printout understandably reflects regular commissary purchases by Norfleet that he would be unable to make if that were done--and the last deposit of funds into the account took place fully 2-1/2 months ago. Accordingly this Court grants the Application to the extent that Norfleet will be required to pay the full filing fee--but in current and future installments, rather than in advance. Under Section 1915(b)(1) the initial partial filing fee required to be made is 20% of $234.78, or $46.95.

Accordingly, Norfleet is assessed an initial partial filing fee of $46.95, and the County Jail trust fund officer is ordered to collect that partial filing fee from Norfleet's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"). After such payment, the trust fund officer at County Jail (or at any other correctional facility where Norfleet may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded

to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and shall clearly identify Norfleet's name and the 04 C 2952 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

This Court has also conducted the initial screening of Norfleet's Complaint called for by Section 1915A(a) and finds that it states a cognizable claim of the type recognized in such cases as Farmer v. Brennan, 511 U.S. 825, 834 (1994). Accordingly the United States Marshals Service will arrange for service of process on defendant Gray. This action is set for an initial status hearing at 8:45 a.m. July 1, 2004, for which purpose Gray's counsel shall have made arrangements for Norfleet to be available by telephone.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 29, 2004